816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Lynn JOHNSON, Plaintiff-Appellant,
v.
Bruce McDONALD, Warden, et al., Defendants-Appellees.
 No. 86-5550.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed.
 
 
 2
 Plaintiff, an inmate at the Tennessee State Penitentiary, filed this 42 U.S.C. Sec. 1983 action against 17 defendants seeking declaratory and injunctive relief and damages. While plaintiff was a temporary inmate awaiting federal court proceedings at the West Tennessee Reception Center he alleges his constitutional rights were violated on numerous grounds. The district court granted the defendant's motion for summary judgment and plaintiff appealed.
 
 
 3
 The record establishes that when plaintiff was ordered to appear in federal court he was transferred temporarily to the West Tennessee Reception Center. Because of overcrowding there, plaintiff was placed in involuntary segregation for six days pursuant to formal prison policy. Plaintiff was advised several times of the reason for this confinement. Following a hearing, plaintiff's placement was approved by the warden and the administrative review board.
 
 
 4
 Although the overcrowding alleged in this action may be undesirable, in this case it did not constitute unnecessary and wanton infliction of pain in violation of the Eighth Amendment. Walker v. Mintzes, 771 F.2d 920, 925 (6th Cir. 1985), citing Rhodes v. Chapman, 452 U.S. 337 (1981). Involuntary segregation can be ordered for the general purpose of maintaining institutional order and security when no specific rule infraction is charged. Smith v. Rose, 760 F.2d 102, 105 (6th Cir. 1985). See also Bills v. Henderson, 631 F.2d 1287 (6th Cir. 1980). Therefore, we must defer to the prison officials' reasonable judgment in this regard. Abdullah v. Kinnison, 769 F.2d 345, 350 (6th Cir. 1985); Brown v. Johnson, 743 F.2d 408 (6th Cir. 1984), cert. denied, 469 U.S. 1215 (1985).
 
 
 5
 As for the conditions of the segregation cell itself, defendants have disputed some of plaintiff's claims and, in light of the relatively short duration of plaintiff's segregation, they do not constitute a wanton and unnecessary deprivation of life's necessities in violation of the Eighth Amendment. Walker v. Mintzes, 771 F.2d 920 (6th Cir. 1985). See also Bellamy v. Bradley, 729 F.2d 416 (6th Cir.), cert. denied, 469 U.S. 845 (1984); Hutto v. Finney, 437 U.S. 678, 686-87 (1978).
 
 
 6
 Plaintiff's claims of denied access to the court and unsatisfactory food are without merit. Plaintiff was offered the opportunity to use the law library but refused to avail himself of the opportunity because of the required use of handcuffs while "in transit". Again we must defer to the reasonable judgment of the prison officials. Furthermore, it is clear from the record and plaintiff's own admissions that he refused to eat the food offered to him not because of the condition of the food, but because he was on a hunger strike in protest of his placement in segregation.
 
 
 7
 In addition, the limitations imposed on religious services, envelopes, writing paper and phone calls do not rise to the level of a constitutional violation both because many of these limitations were not imposed on plaintiff personally during his brief six day stay and because they are a natural consequence of his placement and the circumstances of prison life. Walker v. Mintzes, 771 F.2d 920; see also Pell v. Procunier, 417 U.S. 817, 822 (1974); Bell v. Wolfish, 441 U.S. 520, 546-47 (1979).
 
 
 8
 For these reasons and because the questions upon which this case depends are so unsubstantial as not require further argument, we affirm. Rule 9(b), Rules of the Sixth Circuit.